# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HARRY BAILEY,

        Petitioner,    :    Case No. 3:16-cv-025

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER, WARDEN,
  Lebanon Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Certificate of Appealability (ECF No. 27).

Judge Rice entered final judgment in this case on May 27, 2016 (ECF No. 21, 22). In his Decision and Entry, he found that reasonable jurists would not debate the conclusions he had reached and he therefore denied a certificate of appealability (ECF No. 21, PageID 492).

Mr. Bailey reminds the Court that, as a pro se litigant, he is entitled to a liberal construction of his pleadings. However, he points to no place in these proceedings where the Court has somehow failed to read his pleadings as liberally as it should have. He cites *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, none of Bailey's claims were dismissed for failure to state a claim.

1

Bailey uses the balance of his Motion to argue the merits of his case under the rubric "Statement of Facts," but he does not show or attempt to show any error in this Court's prior disposition of his claims or that some "reasonable jurist" somewhere would find this Court's conclusions debatable.

It is accordingly respectfully recommended that the Motion for Certificate of Appealability be DENIED.

November 11, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).